Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>THE GOLDEN SECRETS, a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff August Image, LLC prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)-(b).

2. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

3. August is a New York limited liability company located in New York, NY. A full-service rights managed collection, August represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing.

4. Upon information and belief, Defendant The Golden Secrets is a California corporation with a principal place of business located at 17201 Bullock St, Encino, CA 91316. The Golden Secrets owns, operates, and/or controls the commercial website thegoldensecrets.com and its related/affiliated subdomains, mobile websites, applications, and social media pages, including but not limited to instagram.com/thegoldensecrets (collectively, "Defendant's Website").

5. Upon information and belief, Defendants Does 1-10 are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of the asserted copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants Does 1-10, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

6. Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## DEFENDANT'S UNAUTHORIZED EXPLOITATION OF THE SUBJECT PHOTOGRAPH

7. A photographer who appointed August as exclusive licensing agent and syndicator created and owns the copyrights in an original photograph registered with the Copyright Office (the "Subject Photograph"). As exclusive licensing agent and syndicator for that photographer and the Subject Photograph, August owns exclusive distribution, display, and reproduction rights in the Subject Photograph, entitling August to maintain this action under 17 U.S.C. § 501(b).

8. Following the publication and display of the Subject Photograph, Defendants, and each of them, distributed, displayed, and reproduced a copy of the Subject Photograph on Defendant's Website for commercial purposes without seeking or obtaining a license from August, violating August's exclusive distribution, display, and reproduction rights (the "Accused Post"):



9. To the extent Defendants exploited the Subject Photograph more than three years before the filing of this case, August did not know, and had no reason to know, of such exploitations.

### FIRST CLAIM FOR RELIEF

**(Direct Copyright Infringement – Against All Defendants, and Each)**

10. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

11. Upon information and belief, Defendants, and each of them, had access to the Subject Photograph, including through Plaintiff's and or the relevant photographer's websites, social media accounts, profiles, galleries, exhibitions, and/or authorized licensees; third-party websites or Internet search engines; and/or because the copy distributed, displayed, and reproduced on Defendant's Website is a verbatim copy of, and thus strikingly similar to, the Subject Photograph.

12. Defendants, and each of them, displayed, distributed, and reproduced a copy of the Subject Photograph for commercial purposes on Defendant's Website without Plaintiff's authorization, violating Plaintiff's exclusive distribution, display, and reproduction rights in the Subject Photograph.

13. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

14. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement in an amount to be established at trial.

15. Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or willful blindness for, Plaintiff's rights in the Subject Photograph, such that said acts of copyright infringement were willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and/or anyone else working on behalf of or in concert with Defendants and/or their respective agents, be enjoined from further exploiting the Subject Photograph for commercial purposes in any manner without Plaintiff's authorization absent some independent legal right;

b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: January 16, 2026

Respectfully submitted,

DONIGER / BURROUGHS

By: /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*